IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| V.I. DERIVATIVES, LLC, by VIFX, LLC, its TAX MATTERS PARTNER, by RICHARD G. VENTO | : : : : | CIVIL ACTION No. 3:06-cv-00004-JRS |
| v. | : : | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | : : : | |
| VIFX, LLC, by RICHARD G. VENTO, its TAX MATTERS PARTNER | : : : : | CIVIL ACTION No. 3:06-cv-00005-JRS |
| v. | : : | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | : : : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                                  **October 7, 2024**

Respondent Virgin Islands Bureau of Internal Revenue (VIBIR) filed a motion for sanctions against Attorneys Joseph M. Erwin and Joseph A. DiRuzzo III and their respective law firms (collectively, "the Attorneys") pursuant to Federal Rule of Civil Procedure 11, Virgin Islands Local Rule of Civil Procedure 11.1, and the Court's inherent authority. VIBIR argued sanctions were warranted because the Attorneys filed a summary judgment motion seeking dismissal of these actions for lack of subject matter jurisdiction after unsuccessfully challenging subject matter jurisdiction both in this Court and in the Third Circuit. On September 30, 2024, this Court issued an Order denying the sanctions motion. This Memorandum is issued to explain the basis of the Court's ruling.

The Court agrees with VIBIR that the jurisdictional challenge at issue came too late. For this reason, among others, the Court denied the underlying summary judgment motion. While the

filing of the summary judgment motion was ill-advised, after hearing from the Attorneys at oral argument on the sanctions motion, the Court does not find they acted in bad faith, as required to impose sanctions based on the Court's inherent authority. The Court also exercises its discretion not to impose sanctions under Rule 11 and Local Civil Rule 11.1 at this time.

**BACKGROUND**

The Third Circuit has succinctly summarized the origins of this long-running tax litigation as follows:

> V.I. Derivatives, LLC and VIFX, LLC (collectively, the LLCs) were created as part of a plan by Richard Vento and his family to avoid capital gains of the $180 million realized from the 2001 sale of a technology company that he co-founded. In 2005, the LLCs received Notices of Final Partnership Administrative Adjustments (FPAAs) issued by [VIBIR] and the United States Internal Revenue Service (IRS), respectively. The FPAAs advised that the VIBIR and the IRS had determined that the LLCs were a "sham" and that "all transactions engaged in by [the LLCs would be] treated as engaged in by its purported members and/or other persons receiving flow through gains or losses from it." The LLCs petitioned for readjustment of the partnership items under 26 U.S.C. § 6226, and this litigation ensued.

*V.I. Derivatives, LLC v. Dir., V.I. Bureau of Internal Revenue ("Vento III")*, Nos. 22-3056 & 22-3057, 2023 WL 4117403, at *1 (3d Cir. June 22, 2023) (second alteration in original) (record citation omitted).

The above-captioned cases—Civil Nos. 06-04 and 06-05 (the VIBIR cases)—concern the FPAAs issued to the LLCs by VIBIR. A pair of companion cases—Civil Nos. 06-12 and 06-13 (the IRS cases)—concerned the FPAAs issued to the LLCs by the IRS. The two sets of cases were previously consolidated (with each other and with others involving the Vento family members) for the purpose of holding a single bench trial on the issue of the residency of the Vento family members who were the direct or indirect owners of the LLCs on December 31, 2001. After trial, this Court ruled that neither Richard and Lana Vento nor their daughters were bona fide residents of the Virgin Islands on the relevant date. Based on that finding, the Court entered judgment in

favor of the LLCs and against VIBIR in these cases in April 2011. VIBIR then filed a notice of appeal.[1]

On appeal, the Third Circuit determined that Richard and Lana Vento were, in fact, bona fide residents of the Virgin Islands on the relevant date. *Vento v. Dir., V.I. Bureau of Internal Revenue ("Vento I")*, 715 F.3d 455, 479 (3d Cir. 2013). Because the LLCs are "pass-through entities" that "do not have residencies separate from their owners," *id.* at 479 n.22, the Third Circuit's decision effectively reversed the judgment in favor of the LLCs in the VIBIR cases.[2] In April 2014, both the VIBIR and the LLCs advised this Court further proceeding were required on remand.

Before any further proceedings were scheduled, however, the LLCs moved to dismiss these cases as well as the companion IRS cases for lack of subject matter jurisdiction. The LLCs argued the regulations under which the FPAAs were issued were invalidly promulgated under the Administrative Procedure Act, rendering the FPAAs void. According to the LLCs, this also deprived the Court of subject matter jurisdiction, as jurisdiction to hear an FPAA case requires a valid FPAA. In March 2015, this Court denied the motion, ruling that the Third Circuit's precedential decision on the residency issue in *Vento I* "constituted a final judgment on the merits

---

[1] In the companion IRS cases, the parties continued to litigate the merits of the determinations in the FPAAs issued by the IRS. The LLCs ultimately agreed the tax shelter transaction challenged in the FPAAs lacked economic substance, and the IRS conceded the penalties sought in the FPAAs. In December 2011, the Court granted partial summary judgment in favor of the United States, sustaining the determinations made in the FPAAs, except as to the penalties. Judgment was entered in the cases in January 2012, and the LLCs then appealed from those final judgments, including the judgments entered the previous year on the residency issue. The IRS and VIBIR cases were consolidated on appeal.

[2] *See VI Derivatives LLC v. United States ("Vento II")*, 671 F. App'x 839, 841 n.4 (3d Cir. 2016) ("It is understood that the Vento Residency Decision [i.e., *Vento I*] impacted the numerous April 2011 Judgments entered by the District Court in the territorial proceedings.").

3

for these consolidated cases" that foreclosed relitigation of the issue of subject matter jurisdiction based on res judiciata. ECF No. 153.[3]

The LLCs appealed the ruling, but only in the IRS cases. The Third Circuit affirmed, agreeing its ruling on the residency issue was a final judgment on the merits to which res judicata attached. *Vento II*, 671 F. App'x at 842-43.[4]

After the Third Circuit issued its 2016 decision in *Vento II*, the VIBIR cases remained dormant until May 2021, when VIBIR moved for summary judgment as to the determinations in the FPAAs it issued to the LLCs—i.e., the merits of the tax shelter transaction (which the LLCs had conceded lacked economic substance in the IRS cases), as well as the penalties assessed under Internal Revenue Code (IRC) § 6662.[5] The LLCs opposed the motion, primarily arguing the Third Circuit's decision in *Vento I* was a final judgment on the merits that precluded further litigation of the tax issues in the VIBIR cases.[6] The LLCs also invoked the law of the case, laches, and the doctrine of repose.

---

[3] ECF citations herein are to the docket in Civil No. 06-04 and use ECF pagination.

[4] The Third Circuit noted that although the LLCs had appealed both the residency decision and the January 2012 judgments in favor of the United States, they had raised only the residency issue on appeal, and that issue was fully resolved by the Third Circuit's 2013 decision. *Vento II*, 671 F. App'x at 842.

[5] Under 48 U.S.C. § 1397, the Internal Revenue Code applies to the Virgin Islands as a "mirror code."

[6] The LLCs essentially argued that considering VIBIR's summary judgment motion would be inconsistent with this Court's 2015 ruling, affirmed by the Third Circuit in the IRS cases in *Vento II*, that *Vento I* was a final judgment on the merits that precluded relitigation of subject matter jurisdiction. The LLCs maintained that to address VIBIR's motion, the Court "would have to reverse its own March 2015 Order, . . . ignore the decision of the Court of Appeals in 2016 affirming the District Court . . . [,] [and] rule on the merits of [the LLCs'] motion to dismiss for lack for lack of jurisdiction." ECF No. 171 at 4.

In September 2022, this Court granted summary judgment in favor of VIBIR and against the LLCs, sustaining in full the FPAAs issued by VIBIR and entering final judgment in VIBIR's favor. ECF No. 186. The Court rejected the LLCs' argument that the decision in *Vento I* was a final decision on the merits of the FPAAs issued by *VIBIR*, noting it was only after that decision was issued—finding Richard and Lana Vento had established residency in the Virgin Islands by the relevant date—that those issues could be resolved. ECF No. 185 at 8.

The LLCs appealed, repeating their finality arguments based on *Vento I* and various equitable doctrines. Alternatively, the LLCs argued that if the decision in *Vento I* was not a final judgment on the merits that precluded consideration of VIBIR's summary judgment motion, then the Court of Appeals should consider their challenge to subject matter jurisdiction based on the invalidity of the FPAAs and find this Court lacked jurisdiction. Specifically, the LLCs argued that "because the FPAAs 'determined' the LLCs were shams, the FPAAs had to be issued under IRC § 6233(b) (1984)," which, by its terms, was operative only "to the extent provided in regulations." ECF No. 210-1 at 59 (LLCs' appellate brief). Thus, because the relevant temporary regulation was not issued in accordance with the Administrative Procedures Act, the FPAAs issued under the that regulation were void. *Id.* Responding to the LLCs' jurisdictional argument on appeal, VIBIR argued the issue of subject matter jurisdiction was barred by res judicata in the VIBIR cases.[7] VIBIR alternatively argued the LLCs' subject matter jurisdiction argument failed on the merits, asserting, inter alia, that "the District Court here had jurisdiction under section 6226, without resort to section 6233." ECF No. 210-2 at 44 (VIBIR's appellate brief).

---

[7] Specifically, VIBIR argued that by ruling on the residency issue in 2011, this Court implicitly ruled it had subject matter jurisdiction over the FPAAs, and that ruling became final with the Third Circuit's decision on appeal, which found this Court had jurisdiction in the VIBIR cases based on 48 U.S.C. § 1612(a).

5

In June 2023, the Third Circuit affirmed the grant of summary judgment in favor of VIBIR. *Vento III*, 2023 WL 4117403, at *2. The Court of Appeals rejected the LLCs' finality argument, finding "no final judgment had been entered in the VIBIR cases until summary judgment was granted in September of 2022." *Id.* The Court explained the residency decision in *Vento I* was not a final judgment in the *VIBIR* cases because the question of tax liability to VIBIR still had to be resolved in light of its ruling in *Vento I* that Richard and Lana Vento were bona fide residents of the Virgin Islands. *See id.* The Court also clarified that its ruling affirming the denial of the motion to dismiss for lack of subject matter jurisdiction in *Vento II* "addressed finality *only* as to the IRS cases because the LLCs did not appeal the denial of their motion to dismiss in the VIBIR cases. Any suggestion in *Vento II* that the VIBIR cases were final was, at most dicta." *Id.* Finally, the Court rejected the LLCs' jurisdictional challenge in a footnote:

> The District Court appropriately exercised jurisdiction under 48 U.S.C. § 1612(a) and 26 U.S.C. § 6226(a)-(b), (f) (2006). *See United States v. Woods*, 571 U.S. 31, 39 (2013). We have jurisdiction under 28 U.S.C. § 1291. Because the District Court had jurisdiction under 26 U.S.C. § 6226(f), we need not reach the LLCs' arguments about 26 U.S.C. § 6233 (2012).

*Id.* at *1 n.2. The Third Circuit's mandate issued on July 14, 2023, rendering the decision in *Vento III* final. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) ("An appellate court's decision is not final until its mandate issues.").

Then, in September 2023, the LLCs filed a new motion for summary judgment in this Court, again arguing the Court lacks jurisdiction to confirm the determinations in the FPAAs issued by VIBIR because the regulations under which they were promulged are invalid, thus rendering the FPAAs invalid. The LLCs also raised a new jurisdictional argument as to VIFX LLC, asserting the FPAA issued to that entity was premature because it was based on items derived and distributed from V.I. Derivatives, LLC but was issued before proceedings involving V.I.

6

Derivatives were begun or concluded. VIBIR opposed the motion and also filed the instant motion for sanctions. In March 2024, this Court denied the LLCs' motion for summary judgment based on the law of the case and the doctrines of res judicata and collateral estoppel. The Court did not rule on the sanctions motion at that time but scheduled an oral argument to afford the Attorneys an opportunity to address the Court. The argument was held by videoconference on July 30, 2024.

**DISCUSSION**

VIBIR asks this Court to impose sanctions on the Attorneys for filing a frivolous summary judgment motion "intended to cause unnecessary delay and needlessly increase the cost of litigation" under Federal Rule of Civil Procedure 11 and Virgin Islands Local Rule of Civil Procedure 11.1. ECF No. 204-1 at 1. Alternatively, VIBIR asks the Court to impose sanctions under its inherent authority based on the Attorneys' "pattern of advancing meritless arguments and frivolous appeals" in this litigation. *Id.* at 13.

Under Rule 11(b), an attorney who presents "a pleading, written motion, or other paper" to the court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). As a corollary to the Federal Rule, Virgin Islands Local Civil Rule 11.1 provides that an attorney who "sign[s] a motion or supporting memorandum or brief . . . certifies to the Court that . . . the applicable law in this jurisdiction has been cited, including authority for and against the position being advanced by counsel." V.R. R. Civ. P. 11.1(a). Rule 11(c) authorizes a court to impose "appropriate sanction[s]" for violations of these provisions "[i]f, after

notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated" and the "attorney, law firm, or party" to be sanctioned "is responsible for the violation." Fed. R. Civ. P. 11(c). A court has "significant discretion," however, "in determining what sanctions, if any, should be imposed for a violation." Fed. R. Civ. P. 11, advisory comm. n. 1993 amend.

In evaluating whether Rule 11 sanctions are warranted, a district court "must apply an objective standard of reasonableness under the circumstances." *Pensiero*, 847 F.2d at 94. The conduct in question "must be judged by 'what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *Id.* (quoting Fed. R. Civ. P. 11, advisory comm. n. 1983 amend.). "Sanctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010) (citation and internal quotation marks omitted). The standard is stringent in part because sanctions "tend to spawn satellite litigation counter-productive to efficient disposition of cases." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citation and internal quotation marks omitted). Although "[t]he lodestar of Rule 11 is . . . reasonableness, not bad faith," intent still matters. *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 147-48 (3d Cir. 2024). "'Whether the improper conduct was willful[] or negligent' may bear on whether to impose sanctions and what those sanctions should be." *Id.* at 148 (quoting Fed. R. Civ. P. 11 advisory comm. n. 1993 amend.).

VIBIR argues the filing of the 2023 summary judgment motion is sanctionable because the LLCs lacked any nonfrivolous legal basis for reasserting same jurisdictional argument they raised

8

unsuccessfully in this Court and the Third Circuit, such that the motion served no purpose except to cause unnecessary delay and needlessly increase the cost of this litigation.

The Court agrees the LLCs' attempt to relitigate the issue of subject matter jurisdiction after the Third Circuit's decision in *Vento III* became final was improper.  Before filing the motion, the LLCs raised their primary jurisdictional argument in the Third Circuit on appeal from this Court's order granting summary judgment for VIBIR on the merits of the determinations in the FPAAs.  VIBIR opposed the LLCs' jurisdictional challenge on various grounds, including that jurisdiction was proper under former IRC section 6226(f) "without resort to section 6233."  ECF No. 210-2 at 44 (VIBIR's appellate brief).  Addressing jurisdiction, the Court of Appeals in *Vento III* sided with VIBIR, holding "[b]ecause the District Court had jurisdiction under 26 U.S.C. § 6226(f), we need not reach the LLCs' arguments about 26 U.S.C. § 6233 (2012)."  *Vento III*, 2023 WL 4117403, at *1 n.2.  The LLCs argue this brief discussion makes clear that the Court of Appeals did not understand that the nature of subject matter jurisdiction in tax cases is different than in other civil cases.  But this is an argument for the Court of Appeals.  *See* Fed. R. App. P. 40(a)(2) (authorizing the filing of a petition for panel rehearing, which "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended").  As a district court, this Court lacks authority to reconsider issues expressly or implicitly decided on appeal.  *See Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 856-57 (3d Cir. 1994).

Even if the LLCs were correct that the Court of Appeals did not address their jurisdictional argument, the summary judgment motion came too late.  The Third Circuit recognized in *Vento II* that "when a federal court reaches final judgment on the merits, 'the issue of its subject matter jurisdiction is res judicata even though it was not litigated or, indeed, even though the decree was

9

totally uncontested.'" 671 F. App'x at 842 (quoting *Hodge v. Hodge*, 621 F.2d 590, 592 (3d Cir. 1980)). And *Vento III* clarified that while *Vento I* was not a final judgment in these cases, the later grant of summary judgment in favor of VIBIR was. 2023 WL 4117403, at *2 ("[A] review of the docket shows that no final judgment had been entered in the VIBIR cases *until summary judgment was granted in September of 2022*." (emphasis added)). Thus, once *Vento III* became final, any further challenge to subject matter jurisdiction in these cases was barred by res judicata under *Hodge v. Hodge*, as recognized in *Vento II*.

Although the filing of the summary judgment motion was ill-advised, the Court does not find the filing was made in bad faith. At oral argument, the Attorneys explained they filed the motion to preserve the issue of subject matter jurisdiction based on the belief that the cases were not yet final, even after the Third Circuit's decision in *Vento III*, because the parties have not submitted computations under Tax Court Rule 155.[8] The Court accepts the Attorneys' representations on this point and does not find the motion was filed simply as a delay tactic.[9] While the Court disagrees with the Attorneys' position that the judgment in this case is not yet final,[10] it also recognizes the issue finality has not been entirely straightforward in these cases. The Court thus declines to impose Rule 11 sanctions at this time.

---

[8] Tax Court Rule 155 applies in "proceeding[s] to re-determine income tax liability pursuant to a notice of deficiency or notice of liability of any person" pursuant to Virgin Islands Local Civil Rule 71A.1(a).

[9] The Court appreciates VIBIR's concern regarding the delays in this litigation but recognizes the LLCs are not solely responsible for the delay. As the Attorneys noted at oral argument, although the Third Circuit issued its decision in *Vento II* in 2016, the case thereafter remained dormant until VIBIR moved for summary judgment in 2021.

[10] At oral argument, VIBIR asserted the computational issues do not affect the finality of the Court's judgment, noting Rule 155(a) permits—but does not require—a court to "withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues." Although the issue has not been briefed, the Court notes

As for VIBIR's request for sanctions pursuant to the Court's inherent authority, such sanctions are generally "reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exist." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995). Inherent authority sanctions also "[u]sually . . . require[] bad faith." *Id.*; *see also In re Amoroso*, 123 F. App'x 43, 47 (3d Cir. 2004) ("A court must make a finding of bad faith before imposing sanctions pursuant to its inherent power to sanction attorneys."). Because the Court finds the Attorneys did not act in bad faith, inherent authority sanctions are not appropriate here.[11]

For all the foregoing reasons, VIBIR's Motion for Rule 11 Sanctions is denied.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

VIBIR's position is consistent with the Third Circuit's previous characterization of the task of calculating tax assessments as "administrative." *Vento II*, 671 F. App'x at 842. Moreover, both this Court and the Third Circuit have treated the grant of summary judgment for VIBIR on the determinations in the FPAAs as a final judgment, as discussed above.

[11] VIBIR's request for inherent authority sanctions is based not only on the LLCs' filing of the summary judgment motion but also on their "pattern of advancing meritless arguments and frivolous appeals." ECF No. 204-1 at 13. In particular, VIBIR cites the LLCs' pursuit of discovery and an evidentiary hearing, following a disclosure by lead counsel for the United States in the consolidated *Vento* matters, that he had become aware he was not authorized to practice law in the District Court of the Virgin Islands during this litigation because his bar membership in Minnesota had become inactive. This Court denied the motion, and the Court of Appeals affirmed, describing it as a "frivolous request for a fishing expedition that promised to be an utter waste of judicial resources." *VI Derivatives, LLC v. Dir. V.I. Bureau of Internal Revenue*, 561 F. App'x 193, 195 (3d Cir. 2014). The Court notes that both the discovery motion and the appeal from the order denying it were filed by a different attorney for the LLCs. Neither of the Attorneys against whom VIBIR seeks an award of sanctions was listed on the papers in the District Court or the Court of Appeals.